# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOAQUIN AGUILAR,

Plaintiff,

v.

MACOMBER, *et al.*,

Defendants.

Case No. 1:25-cv-00916-SAB (PC)

ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR PLAINTIFF'S FAILURE TO APPEAR AND FAILURE TO OBEY A COURT ORDER

(ECF No. 17)

**TWENTY-ONE (21) DAY DEADLINE**

Plaintiff Joaquin Aguilar ("Plaintiff") is a former state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendants Jeff Macomber, Ron Broomfield, Stuart Sherman, unidentified lieutenant in Receiving and Release, and John Does 1 through 6, for deliberate indifference to Plaintiff's safety in violation of the Eighth Amendment. Defendants Macomber, Broomfield, and Sherman answered the complaint on July 2, 2026. (ECF No. 16.)

On July 7, 2026, the Court identified this case as appropriate for the post-screening ADR (Alternative Dispute Resolution) project, stayed the action to allow the parties an opportunity to settle their dispute, and issued an order setting the matter for a video settlement conference before the undersigned on October 14, 2026, at 9:30 a.m. (ECF No. 17.) The Court served Plaintiff with a copy of the July 7, 2026 order at his last known address.

On October 8, 2026, the Court issued a minute order indicating that the October 14, 2026 settlement conference would be held via Zoom video conference or Zoom telephone number. The Court noted that a copy of the Zoom contact information was mailed to Plaintiff's last known address. (ECF No. 21.) The Court also served Plaintiff with a copy of the minute order at his last known address.

On October 14, 2026, the Court convened a video settlement conference. Although the Court remained on the Zoom video conference until approximately 9:45 a.m., Plaintiff did not appear.

Pursuant to Local Rule 110, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." L.R. 110. The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000).

Accordingly, Plaintiff is hereby ORDERED TO SHOW CAUSE in writing within **twenty-one (21) days** after service of this order why sanctions should not be imposed for the failure to appear at the settlement conference or otherwise comply with the Court's orders.

**Failure to respond to this order will result in the imposition of sanctions, including a recommendation for dismissal of this action.**

IT IS SO ORDERED.

Dated: **October 14, 2026**

/s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE